**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY and STATE**
**FARM FIRE & CASUALTY COMPANY,**

**Plaintiffs,**

**-vs-**                                    **Case No.  6:11-cv-1373-Orl-31GJK**

**ALTAMONTE SPRINGS DIAGNOSTIC**
**IMAGING, INC.; PREMIER MEDICAL**
**IMAGING; RONALD LANDAU, M.D.; and**
**BRAD FREMED,**

**Defendants.**
_____/

# ORDER

This cause comes before the Court on Defendants' Response to an Order to Show Cause (Doc. 55) and Plaintiffs' Reply (Doc. 58). For the reasons discussed below, the Order to Show Cause will be discharged.

On February 16, 2012, Defendants filed a counterclaim against State Farm alleging that it systematically underpaid PIP claims. Upon review, it appeared that the operative facts of the Counterclaim were not "logically related" to those in the Complaint. As such, the parties were directed to address whether the Counterclaim was compulsory or permissive under Fed. R. Civ. P. 13. The Court concludes that while the Counterclaim is not compulsory, Defendants have sufficiently alleged independent diversity jurisdiction.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts automatically have supplemental jurisdiction over compulsory counterclaims. *See Robinson v. Roofs, Structures & Management, Inc.*, 2007 WL 4468695, at *2 (M.D. Fla. Dec.18, 2007) (citations omitted). In determining whether a defendant's claim is a compulsory counterclaim, Federal Rule of Civil Procedure 13(a) provides the standard. Specifically, Rule 13(a) provides that a counterclaim is compulsory if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

The Eleventh Circuit uses the "logical relationship" test in order to determine whether a claim is compulsory. *See id.*; *Hutton v. Grumpie's Pizza and Subs, Inc.*, 2008 WL 1995091, at *2 (S.D. Fla. May 7, 2008). Under the logical relationship test, a claim is compulsory if the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, which are otherwise dormant, in the defendant. *See U.S. v. Aronson*, 617 F.2d 119, 121 (5th Cir. 1980) (citation omitted).

State Farm is correct that this is not a compulsory counterclaim. Defendants' claim arises out of an allegedly fraudulent scheme by State Farm to systematically underpay PIP claims. Resolution of this claim would necessarily entail inquiry into State Farm's internal billing methods. State Farm's claims, while they relate to the same bills, arise out of an allegedly fraudulent scheme by Defendants to operate an MRI facility in violation of Florida law. Proving

the case will require an inquiry into whether Dr. Landau "wholly owned" Altamonte Springs

Diagnostic Imaging, Inc. ("ASDI") as it is defined in Florida's Heath Care Clinic Act, Fla. Stat. §

400.900, *et seq.*, during the period in question. Thus, even though both claims relate to the same

bills submitted by ASDI to State Farm, each claim is based on different facts. The Court finds that

under the logical relationship test, Defendants' counterclaim is permissive, because it is not based

on the same core facts as State Farm's claim. *See Kirby v. Tafco Emerald Coast, Inc.*, 2006 WL

228880, at *2 (N.D. Fla. Jan.30, 2006) (finding the defendant's breach of contract claim and

failure to repay promissory notes claim to be permissive counterclaims to the plaintiff's FLSA

claim); *Mercer v. Palm Harbor Homes, Inc.*, 2005 WL 3019302, at *1 (M.D. Fla. Nov.10,

2005)(finding the defendant's conversion claim to be a permissive counterclaim to the plaintiff's

FLSA claim); *Lecik v. Nost*, 2005 WL 3307192, at *3 (M.D.Fla. Dec.6, 2005) (finding the

defendant's breach of contract claim to be a permissive counterclaim to the plaintiff's FLSA

claim).

     If a claim is not compulsory, it is permissive and requires an independent basis for

jurisdiction. *Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*,

808-CV-1048-T-24EAJ, 2008 WL 3927265 (M.D. Fla. Aug. 21, 2008); *Robinson v. Roofs,*

*Structures & Mgmt., Inc.*, No. 8:07-CV-1518T-24 TBM, 2007 WL 4468695 (M.D. Fla. Dec. 18,

2007). In this case, the Court has independent jurisdiction over the Counterclaim under 28 U.S.C.

§ 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00.

However, in light of the foregoing and pursuant to Fed. R. Civ. P. 42(b), the Court will bifurcate

the trial in this case. Defendants' Counterclaim will be tried separately. Accordingly, it is

     **ORDERED** that the Order to Show Cause (Doc. 54) is hereby **DISCHARGED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 30, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE