UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE & CASUALTY COMPANY

Plaintiffs,

vs. Case No.: 6:11-cv-1373-Orl-31TBS

ALTAMONTE SPRINGS DIAGNOSTIC IMAGING, INC. d/b/a MID FLORIDA IMAGING and PREMIER MEDICAL IMAGING, RONALD LANDAU, M.D., and BRAD FREMED,

Defendants.

---

REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Default Judgment against Brad Fremed Pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 1.07(b). (Doc. 75). Defendants Altamonte Springs Diagnostic Imaging, Inc. ("ASDI") and Ronald Landau, M.D. ("Landau") have filed a response in opposition (Doc. 74), and Plaintiffs have filed a reply to Defendants' response. (Doc. 77). The matter is now ripe for review. Upon due consideration of Plaintiffs' motion and Defendants' response, the undersigned respectfully recommends that the motion be granted and that a non-final default judgment be entered against Brad Fremed ("Fremed").

## I. Background

In their First Amended Complaint, Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm") allege that ASDI is a for-profit corporation that renders magnetic resonance

imaging ("MRI") services to patients.[1] (¶¶ 1 & 13). ASDI's patients include people involved in motor vehicle accidents who are eligible for Personal Injury Protection ("PIP") benefits under State Farm's insurance policies. (¶ 1). Landau, a licensed physician, falsely held himself out as the sole owner of ASDI when in actuality, Fremed, who is a layperson, co-owned ASDI in violation of the Florida Health Care Clinic Act and Licensing Procedures Act, Florida Statutes § 400.990 et. seq. (¶¶ 3 & 25).

Count I of State Farm's First Amended Complaint accuses all Defendants of common law fraud. The essential elements of a common law fraud claim in Florida are: (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; (5) resulting damage to the other person. State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Center, Inc., 427 F. App'x 714, 720 (11th Cir. 2011) (citing Gandy v. Trans World Computer Tech. Grp., 787 So. 2d 116, 118 (Fla. 2d DCA 2001)). State Farm alleges that all Defendants made false statements by submitting fraudulent bills for services they knew were not lawfully rendered; that all Defendants were aware that these bills were false and sent the bills to State Farm so that State Farm would pay the costs of MRI's for its insureds; and that State Farm relied on Defendants' misrepresentations, which resulted in damages exceeding one million dollars. (¶¶ 44-49). This Court has already found that State Farm's allegations satisfy the heightened Rule 9(b) requirements for pleading fraud. (Doc. 31 at 7).

Count II alleges that all Defendants unjustly benefitted from State Farm's payment of ASDI's claims. The elements of a cause of action for unjust enrichment are: (1) the

[1] All statements of fact come from State Farm's First Amended Complaint (Doc. 18).

plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. Fla. Power Corp. v. City of Winter Park, 887 So.2d 1237, 1241 n.4 (Fla. 2004). State Farm contends that it paid claims filed by Defendants and that all Defendants accepted and retained those payments. According to State Farm, those payments were improperly acquired by Defendants' fraud and therefore, it would be inequitable for Defendants to retain the payments. (¶¶ 50-53). This Court has determined that State Farm is "not required to pay PIP benefits for services which were unlawfully rendered.'" (Doc. 31 at 8).

In Count III, State Farm complains that all Defendants violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). The elements of a FDUTPA claim are: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. Fla. Stat. § 501.201; Virgilio v. Ryland Group, Inc., 680 F.3d 1329, 1338 n.25 (11th Cir. 2012). State Farm avers that all Defendants actively engaged in trade and commerce in Florida; that State Farm and its insureds are consumers as defined by FDUPTA; that Defendants committed a deceptive act or unfair practice by submitting fraudulent claims to State Farm; and that Defendants' actions caused over one million dollars in damages. (¶¶ 54-62).

Counts IV and V allege that Landau and Fremed engaged in racketeering in violation of 18 U.S.C. § 1962(c) ("RICO"). The statute makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which effect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or

collection of unlawful debt." Id. "Any person injured in his business or property by reason of a violation . . ." has a cause of action for the recovery of compensatory damages, treble damages and attorney's fees. 18 U.S.C. § 1964(c). To establish a prima facie RICO claim, a plaintiff must show: (1) a substantive predicate violation of § 1962; (2) injury to business or property; and (3) a causal connection between the racketeering activity and the injury. Avigan v. Hull, 932 F.2d 1572 (11th Cir. 1991). This Court has already held that State Farm has standing to bring its RICO claims and that it has sufficiently pled injury and causation. (Doc. 31 at 11-12). State Farm asserts that Landau and Fremed's conduct in falsely claiming an exemption is a violation of § 1962 which caused State Farm's injury. Thus, Counts IV and V state causes of action. (¶¶ 63-71).

State Farm has filed the Declaration of Timothy Banahan ("Banahan") in support of its motion. (Doc. 73-1). Banahan states that he is an employee of State Farm Mutual Automobile Insurance Company and that he has reviewed his employer's books and records. (Id.) He swears that Fremed submitted a total of $1,173,025.10 in fraudulent bills for which compensatory damages are sought. (Id.) A summary listing each claim by number, date of loss, date of service, reading physician, amount paid and date of mailing is incorporated into Banahan's affidavit. (Id.) Banahan also states that to his knowledge, Fremed is not an infant, in the military, or an incompetent person. (Id.)

ASDI and Landau deny State Farm's allegations of wrongdoing. (Doc. 63). Fremed has not appeared and on April 20, 2012, the Clerk of this Court entered a default against him. (Doc. 57). Now, State Farm seeks entry of a non-final default judgment against Fremed. (Doc. 73).

## II. Default

Federal Rule of Civil Procedure 55(a) provides that a default may be entered "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." The Clerk is required to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner . . . ." Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing Fed.R.Civ.P. 55(a)).

State Farm's summons and First Amended Complaint were personally served on Fremed on February 24, 2012 which satisfies the requirements of Fla. Stat. 48.031(1)(a). (Doc. 56). Fremed's response was due no later than March 16, 2012 which was the twenty-first (21) day from the date of service. Fed.R.Civ.P. 12(a)(1). Fremed failed to respond and has otherwise failed to appear in this action. Accordingly, the Clerk properly entered default against Fremed. (Doc. 57).

## III. Default Judgment

The entry of a default by the Clerk does not mandate the entry of a default judgment by the Court. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the Complaint sufficiently alleges a basis for default judgment. Enpat,

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011) (citing Nishimatsu, 515 F.2d at 1206)); see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1307-08 (11th Cir. 2009) (assessing the sufficiency of a complaint to determine if a district court's entry of default judgment was proper). State Farm has alleged a sufficient factual basis for the entry of default judgment against Fremed. After ASDI and Landau filed their motion to dismiss, the Court analyzed State Farm's First Amended Complaint and concluded that all five counts state causes of action. (Doc. 31).

State Farm must also show proof of compliance with the Servicemembers Civil Relief Act, 50 App. U.S.C.A. § 501 et seq. before a default judgment can be entered. Banahan's Declaration does not comply with 50 App. U.S.C.A. § 520(b)(1)(A), because all he says is that to his knowledge Fremed is not in military service and he does not provide the facts necessary to support his statement. However, the Return of Service prepared by State Farm's process server states that "[b]ased upon inquiry of party served, Defendant is not in the military service of the United States of America." (Doc. 53). This is sufficient to satisfy the Act.

## IV. Final Versus Non-Final Default Judgment

Federal Rule of Civil Procedure 54(b) provides that when a case involves multiple claims and multiple parties:

> . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and the parties' rights and liabilities.

The rule controls in situations "where the liability of one defendant necessarily

depends upon the liability of the others." Anthony v. Burkhart, 28 F. Supp. 2d 1239, 1247 (M.D. Fla. 1998) (quoting Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747, 749 (Fla. 4th DCA 1997)); see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., 740 F.2d 1499, 1512 (11th Cir. 1984) ("If Gulf Coast had sued Midwest and Pax claiming that they were jointly liable, and if PAX had defaulted, but Midwest had prevailed at trial, it would be clear that Gulf Coast could not obtain a default judgment against Pax."). As the Supreme Court explained in Sears, Roebuck and Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895 (1956), "the District Court is used as a 'dispatcher.' It is permitted to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal."

The entry of a non-final default judgment against Fremed should not collaterally estop Landau and ASDI from litigating the same issues. In Bush v. Balfour Beatty Bahamas, Ltd., 62 F.3d 1319, 1323 (11th Cir. 1995), the Court explained:

> Ordinarily, a default judgment will not support the application of collateral estoppel because "[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) of Judgments § 27 cmt. D, e (1982). *See also* Restatement of Judgments § 68 cmt. D, e (1942). The circuits which have considered the issue in the context of bankruptcy discharge exception proceedings have adhered to this view. *See e.g.*, Spilman v. Harley, 656 F.2d 224, 228 (6th Cir. 1981) ("If the important issues were not actually litigated in the prior proceeding, ***as is the case with a default judgment***, then collateral estopppel does not bar relitigation in the bankruptcy court.") (emphasis added); In re: Raynor, 922 F.2d 1146, 1150 (4th Cir. 1991), In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983); In re McMillan, 579 F.2d 289, 292 (3d Cir. 1978).

A non-final judgment is an interlocutory order which is not appealable until the district court enters a Rule 54(b) certification. McLaughlin v. City of LaGrange, 662 F.2d 1385, 1387 (11th Cir. 1981). State Farm is entitled to a default judgment against

Fremed, however, it is not entitled to a final default judgment because its claims against Landau and ASDI are being actively defended and the entry of a final judgment against Fremed now could lead to an incongruous result if Landau and ASDI prevail on those same causes of action. State Farm recognizes this possibility which is why it is requesting a "non-final default judgment" as opposed to a final default judgment against Fremed. (Doc. 77 at 2). State Farm's stated purpose in bringing this motion is its belief that the entry of a non-final default judgment now will begin the accrual of post-judgment interest against Fremed. The Eleventh Circuit has not explicitly addressed the issue of whether post-judgment interest will accrue on a non-final judgment and this Court does not need to address the issue further at this time.[3]

## V. Recommendation

Now, it is **RESPECTFULLY RECOMMENDED** that the Court **GRANT** State Farm's Motion for Default Judgment against Brad Fremed Pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 1.07(b), (Doc. 73), and enter a non-final default judgment for $1,173,025.10 in compensatory damages against Fremed. This judgment should be interlocutory in nature, not appealable and shall not operate to collaterally estop Landau and ASDI from fully litigating this case.

---

[3] In BankAtlantic v. Blythe Eastman Paine Webber, Inc., the court held that post-judgment interest began to accrue from the entry of final judgment as opposed to the day the district court adopted the magistrate's report and recommendation in which the magistrate concluded that the defendant was the prevailing party and entitled to costs and fees. 12 F.3d 1045, 1052 (11th Cir. 1994) ("We hold that interest shall accrue on Paine Webber's taxable costs from the date the court entered final judgment in favor of Paine Webber on the merits of BankAtlantic's action.") At least one court has interpreted the holding in BankAtlantic as requiring a final judgment before interest may accrue and has declined to extend the Eleventh Circuit's language in BankAtlantic to non-final orders. Ali v. Prestige Window & Door Installation, LLC, 626 F. Supp. 2d 1259, 1263 (S.D. Fla. 2009).

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Chambers in Orlando Florida, on October 1, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

The Presiding District Court Judge
All Counsel of Record