UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE & CASUALTY COMPANY,

       Plaintiffs,

v.                                Case No.  6:11-cv-1373-Orl-31TBS

ALTAMONTE SPRINGS DIAGNOSTIC
IMAGING, INC.; PREMIER MEDICAL
IMAGING; RONALD LANDAU, M.D.; and
BRAD FREMED,

       Defendants.

_____/

ORDER

       Currently before the Court is Plaintiffs' Unopposed Motion to Seal Exhibits (Doc.
104).  The Court made an in camera review of the exhibits in question and now, for the
following reasons, the motion is due to be GRANTED in part and DENIED in part.

I. Background

       Plaintiffs served a subpoena for the production of documents on Florida Shores
Bank Southeast (the "Bank").  (Doc. 92 ).  Defendants Altamonte Springs Diagnostic
Imaging, Inc. ("ASDI") and Ronald Landau object and have filed a motion for protective
order on the grounds that: (1) some of the documents Plaintiffs have subpoenaed contain
ASDI's confidential financial information; (2) Plaintiffs are engaged in an improper fishing
expedition; and (3) the discovery is premature.  (Id.).  Plaintiffs' response to the motion for
protective order includes Exhibits 2 and 5, which they seek to file under seal.  (Docs. 101,
104).  Exhibit 2 consists of email to and from Bank's President and CEO concerning

Defendant Brad Fremed.  The Bank produced these emails to Plaintiffs under a

confidentiality agreement which prohibits the public filling of the documents without the

Bank's consent.  (Doc. 104).  Plaintiffs assert that Exhibit 2 is "highly relevant to the

ownership issues in the litigation and is a key document in support of [Plaintiffs']

Response."  (Id.).  Exhibit 5 is a composite of ASDI's balance sheets, profit and loss

statements and income statement which Plaintiffs acknowledge is "highly confidential

financial information."  (Id.).  Defendants do not oppose the motion to seal.  (Id.).

The Court's Case Management and Scheduling Order ("CMSO") provides:

> The Court will enforce stipulated and signed confidentiality
> agreements.  Each confidentiality agreement or order shall
> provide, or shall be deemed to provide, that "no party shall file a
> document under seal without first having obtained an order
> granting leave to file under seal on a shoing of particularized
> need."

Doc. 30 at I.F

The CMSO goes on to state:

> Whether documents filed in a case may be filed under seal is a
> separate issue from whether the parties may agree that
> produced documents are confidential.  Motions to file under seal
> are disfavored, and such motions will be denied unless they
> comply with Local Rule 1.09.

Id. at II.D.

## II. Legal Standard

During the discovery process and pursuant to Federal Rule of Civil Procedure 26(c),

a court may enter a protective order preventing the public disclosure of certain information

or limiting how that information is used in the litigation.  FED. R. CIV. P 26(c)(1)(H) provides:

-2-

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

FED. R. CIV. P. 26(c)(1)(H). Upon a showing of good cause by the party seeking protection, the Court must "balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." Chicago Tribune Co. et al. v. Bridgestone/Firestone, Inc. 263 F.3d 1304, 1313 (11th Cir. 2001). Courts have held that when balancing these interests, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel, No. 3:10-cv-891-J-JBT, 2010 U.S. Dist. LEXIS 143284, at *3-4 (M.D. Fla. Oct. 27, 2010) (internal quotations and citations omitted).

In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v.Virginia, 435 U.S. 829, 839 (1978)). The public's right "includes the right to inspect and copy public records and documents." Chicago Tribune, 263 F.3d at 1311. Yet, the public's right of access is not unfettered and does not apply to discovery. Romero, 480 F.3d at1245. Indeed, "the

-3-

need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose [of which] is to assist trial preparation.'" Id. (quoting United States v. Anderson, 799 F.2d 1438, 1441 (11th cir. 1986).  And, "[t]he prospect of all discovery material being presumptively subject to the right of access would likely lead to an increased resistance to discovery requests." Chicago Tribune, 263 F.3d at 1312 n. 10.

Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions.  "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'"  Id. at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)).  Material filed as part of a discovery motion is not subject to the common law right of access.  Chicago Tribune, 263 F.3d at 1312.

"The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246.  "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious

-4-

injury." <u>Vista India, Inc. v. Raaga, LLC</u>, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009).  Courts have found that a company's interest in preserving the confidentiality of its financial records outweighs the public right of access and establishes good cause. <u>Graphic Packaging Intern., Inc. v. C.W. Zumbiel Co.</u>, Case No. 3:10-cv-891-J-JBT, 2010 WL 6790538 *2 (M.D. Fla. Oct. 28, 2010). The parties' agreement to seal court documents "is immaterial" to the public's right of access.  <u>Brown v. Advanatage Eng'g</u>, 960 F.2d 1013, 1016 (11th Cir. 1992).

III. Analysis

Although Exhibit 2 is marked "CONFIDENTIAL," there is nothing of a confidential or proprietary nature in either of these internal Bank emails.  The Court fails to see how or why public access to this information would impair court functions or harm anyone's legitimate privacy interests.  Accordingly, although sealing is requested in connection with a discovery motion, the motion to seal Exhibit 2 is DENIED.

The Court agrees that Exhibit 5 is a compilation of ASDI's private, confidential financial information, and that there is a reasonable likelihood that public disclosure of Exhibit 5 could injure ASDI.  Exhibit 5 appears to be relevant to the discovery issue before the Court and the parties have not suggested, and the Court is unaware of any less onerous alternative to sealing Exhibit 5.  Accordingly, Plaintiffs' motion to seal Exhibit 5 is GRANTED.  Plaintiffs may file Exhibit 5 under seal and it shall remained sealed until further Court Order or one year from the date of filing, whichever occurs first.  Local Rule 1.09(c).

Exhibits 2 and 5 which were delivered to the Court for in camera review having been turned over to the Clerk of Court for return to counsel for Plaintiffs.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on March 25, 2013.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel