UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND STATE FARM
& FIRE CASUALTY COMPANY,

    Plaintiffs,

v.                                      Case No.  6:11-cv-1373-Orl-31TBS

BRAD FREMED,

    Defendant.
_____/

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel Production and Attendance at Deposition (Doc. 121).  Defendant Brad Fremed has not filed a response to the motion and the time within to do so has expired.  The motion is due to be granted.

On April 11, 2013, the Clerk entered judgment for Plaintiffs and against Mr. Fremed in the amount of $1,173,025.10 (Doc. 120).  Plaintiffs have not collected the judgment and are seeking information concerning Mr. Fremed's assets and finances as part of their collection efforts (Doc. 121, ¶ 5).  To this end, they noticed Mr. Fremed's deposition duces tecum to occur on December 17, 2014 (Id., at 7).  The notice instructs Mr. Fremed to appear and produce substantial personal financial information (Id.).

Plaintiffs engaged a private investigator who is also a Florida certified process server to locate and serve their notice of taking deposition duces tecum on Mr. Fremed (Id., ¶ 6 and p. 18).  The private investigator discovered a Notice for Trial in

the case of Brad Fremed v. Amy Fremed, Case No. 2012-9216-FI, filed on October 31, 2014 in the Circuit Court, Palm Beach County, Florida (Id., at 19). The notice includes an address for Mr. Fremed. The private investigator went to that address which is a residence, and where he observed a Red Range Rover registered to Mr. Fremed parked in the driveway (Id., at 18). The private investigator served Plaintiffs' notice of taking deposition on November 12, 2014 by posting it at the address where Mr. Fremed's vehicle was seen parked (Id.). Plaintiffs did not receive a response from Mr. Fremed, who failed to appear for his deposition (Id., ¶ 9).

By rule, "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person–including the judgement debtor–as provided in these rules or by the procedure of the state where the court is located." FED.R.CIV.P. 69(a)(2). A party may take the deposition of another party duces tecum on reasonable written notice. FED.R.CIV.P. 30(a)(1) and (b)(2).

If a party fails to comply with a proper deposition notice the Court may enter an order compelling the offending party's attendance and compelling the production of documents. FED.R.CIV.P. 37(a)(3)(B)(i) and (iv). The motion must contain a certificate "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED.R.CIV.P. 37(a)(1).

If the motion to compel is granted, the court may award the moving party its reasonable attorney's fees and costs incurred in making and prosecuting the motion.

FED.R.CIV.P. 37(a)(5)(A).  However, the court must not order the payment of fees and costs if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

Plaintiffs allege that the only contact they have had with Mr. Fremed during this case has been the service of their summons and complaint on him on February 24, 2012 (Id., n. 2).  In the motion, counsel for Plaintiffs certified that he "has attempted in good faith but has been unable to confer or otherwise communicate with Brad Fremed (who is unrepresented) regarding the discovery sought by the Plaintiffs and the instant motion."  (Doc. 121 at 4).

After due consideration, Plaintiffs' motion is GRANTED and it is ORDERED that:

(1) Within 7 days from the rendition of this Order, Mr. Fremed shall contact Plaintiffs' counsel to schedule the date, time, and location for the taking of his deposition.

(2) Unless Plaintiffs make a different agreement in writing with Mr. Fremed, his deposition shall take place within 30 days from the rendition of this Order.

(3) Mr. Fremed shall produce for inspection and copying at his deposition, all documents responsive to Plaintiffs' Notice of Taking Deposition (Duces Tecum).

(4) Plaintiffs are awarded their reasonable attorney's fees and costs, in an amount to be determined, for the making and prosecution of this motion to compel

DONE AND ORDERED in Orlando, Florida, on February 10, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    All Counsel

    Brad Fremed
    6948 Belmont Shore Drive
    DelRay Beach, Florida 33446

    and

    2779 Pillsbury Way
    West Palm Beach, Florida 33414